UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TOMMIE LEGGETT,

    Plaintiff,

    v.

UNITED STATES ARMY,

    Defendant.

Case No. 19-cv-794-JPG-GCS

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Tommie Leggett's motion for leave to proceed *in forma pauperis* (Doc. 5). A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Leggett's affidavit that she is indigent. However, the Court finds she has not stated a claim over which this Court has jurisdiction. She states as a basis for federal question jurisdiction a proposed constitutional amendment—the Federal Marriage

Amendment—that has not been enacted.  She also includes a 1986 letter from a U.S. Army officer to a U.S. Senator from Mississippi indicating that Leggett's husband at that time was to make support payments to her until their divorce was final and then was to pay any financial settlement ordered by the divorce court.  It appears that she has not received the support payments the U.S. Army thought she was due.  She is further upset because it appears now that the State of Mississippi refuses to authorize her to receive assistance because she is still legally married.  Leggett has not explained what the U.S. Army has done to cause her harm, and the Court doubts she would be able to do so since it has done nothing except advise a Senator thirty-three years ago about its assessment of a domestic relations issue involving Leggett and her husband.  To the extent any payment was due her, it was payment from her husband (or ex-husband), not from the U.S. Army.

Because Leggett has failed to state a viable claim against the U.S. Army, the Court:

- **DENIES** Leggett's motion for leave to proceed *in forma pauperis* (Doc. 5);

- **DISMISSES** this action **without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) as frivolous and as failing to state a claim;

- **DENIES as moot** Leggett's motion for recruitment of counsel (Doc. 6); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  July 31, 2019**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**